### STATE v. EDMUND S. HANN.

1. The county sessions is competent to try the offence of the concealment of a murder, defined and made punishable by the twenty-first section of the revised crimes act.

2. Such concealment does not make a man an accessory, at common law.

On case reserved.

Argued at February Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

State v. Hann.

For the defendant, *C. A. Bergen.*

For the state, *R. S. Jenkins.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. By the twenty-first section of the crimes act, (*Rev., p.* 230,) it is enacted that if any person shall have knowledge of the actual commission of murder, or certain other specified crimes, and shall conceal, and not as soon as may be, disclose and make known the same to some one of the justices of the Supreme Court, or one of the justices of the peace, such person shall be guilty of a misdemeanor, and, on conviction, shall be subject to a certain punishment.

The defendant in this case was indicted and tried before the Camden Sessions, by force of this statute, for the non-disclosure of the murder of a person named in the pleadings. He was convicted, and now seeks to set aside that result on two grounds. The first of these is, that the offence charged against him is that of being an accessory after the fact to the murder, and that he, therefore, cannot be tried before the conviction of the principal in the murder. But this plea must be of no avail, for the charge against him and the facts proved, do not sufficiently incriminate him to make him an accessory to the homicide. All that he did was to see the offence committed and to remain silent. There was no pretence that he did anything in the way of the maintenance of the murder, either before or after the doing of the act, and the consequence is, he was not an accessory, and could not have been punished as such. To conceal his knowledge of such an act, and to remain passive and silent was, at the common law, a misprision of felony, and which offence has been, in the passage cited from the crimes act, specialized and defined. The objection is not well taken.

The second exception to these proceedings is also equally void of legal force. The point sought to be made was, that the Court of General Quarter Sessions had not jurisdiction to

try the question whether or not the man who had been killed had been murdered. But it is clear that that court was entirely competent to entertain and decide that question, coming, as it did, incidentally into a case that was regularly before it. The distinction is universally recognized between directly trying a criminal offence, in a direct proceeding against the offender, and inquiring into the same facts when brought into the case collaterally. Thus, in a civil suit founded on a writing, the question of forgery is a common issue, although the crime, as such, is beyond the jurisdiction of the tribunal. I am not aware of any legal question which the sessions has not the capacity to inquire into and to decide, when such question is an incident of the case it has legally in hand.

The sessions should be advised that there is no error in the proceedings on the points specified.